IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00868-BNB

GREGORY KEITH WIEBERG,

    Applicant,

v.

ARISTEDES ZAVARAS, Executive Director, Colorado Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 15 2009

GREGORY C. LANGHAM
    CLERK

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE
## TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant Gregory Keith Wieberg is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Wieberg initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 27, 2009, Mr. Wieberg filed on the proper form an amended application for a writ of habeas corpus pursuant to § 2254. Mr. Wieberg is challenging the validity of his conviction in Mesa County District Court case number 05CR1851.

In an order filed on May 1, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On June 10, 2009, Respondents filed their

Pre-Answer Response. Mr. Wieberg was provided an opportunity to file a reply to the Pre-Answer Response but he has not done so.

The Court must construe the amended application liberally because Mr. Wieberg is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss one of Mr. Wieberg's claims in the amended application.

Mr. Wieberg was convicted by a jury of distribution of a controlled substance, possession with intent to distribute a controlled substance, possession of drug paraphernalia, being a special offender, and violation of bail bond conditions. He was sentenced to thirty years in prison. The judgment of conviction was affirmed on direct appeal. *See People v. Wieberg*, No. 06CA1892 (Colo. Ct. App. Dec. 20, 2007). On April 7, 2008, the Colorado Supreme Court denied Mr. Wieberg's petition for writ of certiorari on direct appeal. On May 7, 2008, Mr. Wieberg filed a postconviction motion for sentence reconsideration that was denied by the trial court on May 28, 2008. The Court received the instant action for filing on April 7, 2009.

Mr. Wieberg asserts two claims for relief in the amended application, although his first claim has two distinct parts. Mr. Wieberg contends in his first claim that the trial court erred in denying his motion to suppress evidence seized from his home in violation of his Fourth Amendment rights and in failing to suppress custodial statements obtained in violation of his Fifth Amendment rights. Mr. Wieberg contends in his

2

second claim that the trial court erred in denying his motion to preclude evidence that his son was the focus of a manhunt by law enforcement personnel. Respondents assert that the Court lacks jurisdiction to consider Mr. Wieberg's second claim because it raises only an issue of state law. The Court disagrees because Mr. Wieberg specifically alleges in his second claim that his federal constitutional rights to due process and equal protection were violated by the trial court's failure to preclude the evidence that his son was the focus of a manhunt by law enforcement personnel. (*See* Am. Application at 6(c).)

Respondents do not argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Respondents also concede that both parts of Mr. Wieberg's first claim for relief are exhausted. However, Respondents contend that Mr. Wieberg's second claim for relief should be dismissed because that claim is unexhausted and procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, "the substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution." *Picard*, 404 U.S. at 278 (internal quotation marks omitted). However, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies before seeking federal relief. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents specifically argue that Mr. Wieberg failed to exhaust state remedies for his second claim because that claim was not raised on direct appeal as a federal constitutional claim. The Court has reviewed Mr. Wieberg's opening brief and petition for writ of certiorari on direct appeal and finds that Mr. Wieberg raised his second claim solely as a matter of state law. He did not make any argument in either his opening brief or his petition for writ of certiorari on direct appeal that could be construed as a federal constitutional argument with respect to claim two. He did not

4

cite the federal Constitution in connection with his second claim, he did not cite any federal case law in support of his second claim, and he did not label the claim a "federal" claim. Therefore, the Court finds that Mr. Wieberg failed to exhaust state remedies for his second claim.

Although Mr. Wieberg failed to exhaust his second claim, the Court may not dismiss that claim for failure to exhaust if Mr. Wieberg no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions that are not applicable to the claims Mr. Wieberg failed to exhaust. *See* Colo. R. Crim. P. 35(c)(3)(VII); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). Therefore, the Court finds that claim two is procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Wieberg's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Wieberg fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider claim two will result in a fundamental miscarriage of justice. Therefore, the Court finds that claim two is procedurally barred and must be dismissed.

In summary, Respondents do not argue that this action is untimely or that either part of claim one is unexhausted. Claim two will be dismissed as procedurally barred. Therefore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. **See** D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that claim two in the amended application filed on April 27, 2009, is dismissed as procedurally barred. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  15  day of  July , 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-00868-BNB

Gregory Keith Wieberg
Prisoner No. 132682
Bent County Correctional Facility
11560 Road FF.75 - Unit 8-O-221
Las Animas, CO 81054-9573

John J. Fuerst
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/15/09

GREGORY C. LANGHAM, CLERK

By _____
    Deputy Clerk